## UNITED STATES DISTRICT COURT

## DISTRICT OF VERMONT

Civil Action No.:  *2:18-cv-64*

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR -9 PM 12: 10

CLERK

BY_____*RC*_____
DEPUTY CLERK

WERNER KARL HEGEMANN

v.

M & M AMERICAN, INC .

### **COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Werner Karl Hegemann, by and through his attorney, Richard K. Bowen, Esquire and Complains against the Defendant M & M American, Inc., as follows:

### VENUE AND JURISDICTION

1. Plaintiff Werner Karl Hegemann is a resident of the town of Putney, County of Windham and State of Vermont. (hereinafter "Plaintiff")

2. Upon information and belief, Defendant M & M American, Inc. is a trucking company with a principal place of business in Mason, Ohio (hereinafter "Defendant").

3. Upon information and belief, Defendant provides services and conducts business throughout the United States, Canada and Mexico.

4. Upon information and belief, Defendant is licensed with the Department of Transportation to do business in all 48 contiguous States.

1

5.      Upon information and belief by reason of its business activities Defendant. is subject to jurisdiction in the United States District of Vermont.

6.      Upon information and belief, Defendant has a registered agent in the State of Vermont.

7.      This Court has subject matter jurisdiction because this is an action between citizens of different states under 28 U.S.C. § 1332(a)(1), and the Plaintiff seeks damages in excess of the jurisdictional minimum in controversy under 28 U.S.C. § 1332(a).

8.      Venue in this Court is proper because the action is brought in a judicial district where the Defendant resides under 28 U.S.C. § 1392 (b)(1), and the Defendant is deemed to reside in Vermont under the Venue Statute because it is, upon information and belief, subject to the Cour's personal jurisdiction with respect to this civil action under 28 U.S.C. §1391 (c)(2).

## FACTS OF THE ACCIDENT

9.      The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 8 of this Complaint as though fully set forth herewith.

10.     On or about April 24, 2016, while traveling Eastbound on IH 40 in Oldham County, Texas, Plaintiff's 1994 GMC Sierra Pick Up Truck was struck by a tractor trailer truck owned or leased by Defendant.

11.     On the same date and at the same place, Ratavius D. Buchanan (hereinafter "Buchanan") was driving a 2009 White International Tractor Trailer Truck operated and owned or leased by Defendant.

12.     Buchanan failed to control the speed of the Tractor Trailer truck he was operating and collided with the rear of Plaintiff's GMC pickup truck.

13.     The impact of the Tractor Trailer Truck driven by Buchanan caused Plaintiff's pickup truck to flip over thereby causing serious bodily injuries to its occupants.

14.     The DPS officer called to the scene of the accident issued a ticket to Buchanan for failing to control the speed of his vehicle.

15.     At the time of the accident, Buchanan had an unauthorized passenger in the cab of his vehicle.

16.     Plaintiff was transported from the scene and admitted to Northwest Texas Hospital.

17.     Plaintiff's dog was injured in the accident and brought to a kennel.


## COUNT I – NEGLIGENCE


18.     The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 17 of this Complaint as though fully set forth herewith.

19.     At the time of the accident, Plaintiff operated his vehicle in a safe and prudence manner.

20.     At the time of the accident , Buchanan failed to operate his vehicle in a safe and prudent manner.

21.     Buchanan operated his vehicle in a negligent manner by failing to control his speed and causing his vehicle to collide with the rear of Plaintiff's vehicle.

22.     Buchanan was distracted while operating his vehicle by an unauthorized passenger in the cab of his truck.

23.     As a direct and proximate result of Buchanan's negligence,  Plaintiff sustained grievous bodily injuries, loss of consciousness, emotional distress, traumatic brain injury, property damage, physical impairment, loss of livelihood and loss of enjoyment of life.

24.     As a direct and proximate cause of Buchanan's negligent operation of the tractor trailer truck, Plaintiff has incurred medical bills, legal expenses and court costs.


## COUNT II – RESPONDEAT SUPERIOR


25.     The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 24 of this Complaint as though fully set forth herewith.

26.     At all times relevant hereto, Buchanan was an employee of Defendant.

27.     At all times relevant hereto, Defendant was responsible for hiring, training and supervising Buchanan.

28.     The above-described acts of Buchanan were committed while acting within the course and scope of his employment with Defendant.

29.     As the employer of Buchanan, Defendant is responsible for the acts of negligence of its employees.

30.     As the employer of Buchanan, Defendant is responsible to pay all damages and expenses to the Plaintiff as entitled by law as a result of Buchanan's negligence.

## COUNT III – NEGLIGENT HIRE AND SUPERVISION

31.     The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 30 of the Complaint as though full set forth herewith.

32.     Defendant owed a duty to Plaintiff to properly hire, supervise and train Buchanan to operate owned or leased  trucks in a safe and prudent manner.

34.     Upon information and belief, Defendant has a policy to prevent unauthorized passengers from distracting its employees.

35.     Upon information and belief, Defendant did not enforce its policies to prevent unauthorized passengers from distracting Buchanan.

34.     Defendant knew, had reason to know, or should have known that Buchanan was likely to drive in an unsafe manner presenting a risk to other motorists.

36.     As a direct and proximate result of Defendant's  negligent hire, training and supervision of Buchanan, Defendant is liable for all the damages and injuries sustained by Plaintiff.

## **DAMAGES**

37.     Plaintiff repeats, realleges and incorporates Paragraphs 1 – 36 of the Complaint as though full set forth herewith.

38.     As a direct and proximate result of the aforementioned malfeasance of the Defendant for negligence, Respondeat Superior and Negligent Hire and Supervision,

5

Plaintiff has suffered grievous injuries and will continue to suffer pain, permanency, impairment, loss of livelihood, property damage and loss of enjoyment of life.

39.    As a direct and proximate result of the above-referenced malfeasance of the Defendant, the Plaintiff has suffered medical expenses and will continue to suffer medical expenses into the future.

40.    As a direct and proximate result of the above-referenced Counts, Plaintiff claims damages in excess of the jurisdictional minimum of 28 U.S.C. 1332.

WHEREFORE, the Plaintiff demands judgment in his favor for all legally available damages, costs, attorney fees and interest, and for such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all Counts of the Complaint.

DATED at Springfield, Vermont this 6th day of April, 2018.

WERNER KARL HEGEMANN

By: _Richard K. Bowen (RKB)_
Richard K. Bowen, Esquire
LAW OFFICE OF RICHARD K. BOWEN
P.O. Box 119
Springfield, VT  05156
Tel:  802-885-3154
Fax:  802-885-5028
Email:  bowenlaw@vermontel.net